UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

         Plaintiff,

v.

DAVID SUTHERLIN, MELVINER BAILEY,
and ROMONA RANKIN,

         Defendants.
_____/

Case No. 1:21-cv-11609

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**AMENDED OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (2) GRANTING AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (3) DIRECTING PLAINTIFF TO DEPOSIT PLAN BENEFIT, (4) DISMISSING PLAINTIFF, AND (5) ENJOINING RELATED PROCEEDINGS**

This is an interpleader action brought under Federal Rule of Civil Procedure 22. Plaintiff Metropolitan Life Insurance Company seeks interpleader relief regarding the proceeds of a life-insurance plan (the "Plan Benefit") in which the decedent, Frizzell Sutherlin participated. ECF No. 1 at PageID.1–3. Plaintiff has received competing claims to the Plan Benefit from Decedent's designated beneficiary, Melviner Bailey, and the decedent's son, David Sutherlin. *Id.* at PageID.5–6 (noting Defendant Sutherlin's allegation that the decedent suffered from dementia when he designated Defendant Bailey as beneficiary). Additionally, Plaintiff has learned based on the decedent's obituary that he might be the father of Romona Rankin. *Id.* at PageID.7.

After the case was referred to Magistrate Judge Patricia T. Morris, Plaintiff filed a motion not only seeking default judgment against Defendants Bailey and Rankin[1] but also seeking (1)

---

[1] Defendants Bailey and Rankin have not answered the Complaint or otherwise appeared. By contrast, Defendant Sutherlin contacted Plaintiff in October 2021 and indicated his intent to appear. *See* ECF No. 16 at PageID.136.

leave to deposit the Plan Benefit (minus funeral expenses), (2) dismissal from the case, and (3) an injunction against further proceedings. ECF No. 16.

Judge Morris has since issued a report recommending that Plaintiff's motion for default judgment be granted as to the requests for leave, dismissal, and an injunction but denied as to the request for default judgment, citing procedural deficits unrelated to the interpleader analysis. *See* ECF No. 20 at PageID.165–168 (finding lack of evidence that Defendants Bailey and Rankin are competent adults for purposes of Rule 55(b)(2)). In other words, Judge Morris found that interpleader relief was appropriate even though default judgment was not. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed. 2021) (noting that the first stage of an interpleader action has "no set procedure" but is often resolved by motion).

Although Judge Morris's Report stated that all parties could object and seek review within 14 days of service of the Report, no party has objected. Therefore, they have waived their right to review of Judge Morris's findings. *See* FED. R. CIV. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation, ECF No. 20, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 16, is **GRANTED AND DENIED IN PART**.

Further, it is **ORDERED** Plaintiff Metropolitan Life Insurance Company is **DIRECTED** to deposit into this Court, in an interest-bearing account, the net proceeds in the amount of **$3,2423.96**, which represents the Plan Benefit of $11,879.00 less $8,635.04 previously assigned for payment of the decedent's funeral expenses.

Further, it is **ORDERED** that after the funds have been deposited into the Court in an interest-bearing account established by this Court in accordance with Local Rule 67.1, the Clerk is authorized to deduct from the account any fee authorized by the Judicial Conference of the United States.

Further, it is **ORDERED** Defendants Romona Rankin, Melviner Bailey, David Sutherlin, and any other claimant to the Plan Benefit, together with their agents, attorneys, and assigns, are **PERMANENTLY ENJOINED** from instituting or maintaining any additional federal, state, or administrative action against Plaintiff Metropolitan Life Insurance Company, the Plan, or Plan sponsor General Motors, as well as their respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys or insurers relating to the Plan, the Plan Benefit, and/or the facts described in Plaintiff's Complaint.

Further, it is **ORDERED** that Plaintiff Metropolitan Life Insurance Company, the Plan, and the Plan sponsor General Motors, and any of their respective past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys or insurers are **DISCHARGED** from any and all liability with respect to the decedent's coverage under the Plan, the Plan Benefit, and/or the facts that comprise the basis of this interpleader action.

Further, it is **ORDERED** that Plaintiff Metropolitan Life Insurance Company is **DISMISSED**.

**This is not a final order and does not close the case.**

Dated: March 28, 2022

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge